RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/15/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICHARD D. BACA (#32038-051)     DOCKET NO. 12-CV-2807; SEC. P

VERSUS     JUDGE DEE D. DRELL

USA     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Richard D. Baca. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at Federal Correctional Institution in Pollock, Louisiana. He claims that the court wrongfully added a two point enhancement to his base offense level resulting in an illegal sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner entered a plea of guilty pursuant to a plea agreement to one count of an indictment - possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §922(g)(1), 924(a)(2). He was sentenced to a prison term of 180 months on May 31, 2007, in the District of New Mexico. He did not appeal his conviction or sentence. [U.S. v. Baca, 06-cr-760 / 11-cv-93 (District of New Mexico) Doc. #4] Petitioner filed a motion to vacate under 28 U.S.C. §2255 on March 23, 2009 (06-CR-760/09-cv-

276 (District New Mexico); Doc. 49), asserting claims of ineffective assistance of counsel. The §2255 motion was dismissed by the Court (06-CR-760 (District of New Mexico); Docs. 53,54), and Petitioner's subsequent motion to reconsider the dismissal was denied.

Baca filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 in the sentencing court on January 27, 2011. [06-CR-760 (District of New Mexico); Doc. #57] He alleged that the indictment against him was defective and that the court had no subject matter jurisdiction of the criminal proceeding. Because the petition directly attacked his criminal conviction, the Court found that it was properly characterized as a second or successive §2255 motion, and it dismissed the petition for lack of jurisdiction on February 3, 2011. [11-93, District of New Mexico; Doc.4]

Petitioner filed another Section 2241 motion on April 26, 2011, this time in the Eastern District of North Carolina. He claimed that his federal indictment, conviction, and sentence were illegal and unconstitutional. [Baca v. Holder, 5:11-cv-2077 (Eastern District of North Carolina); Doc. #4] The Court found that the petition was second or successive, and that it did not meet the conditions for application of the savings clause. Thus, the court lacked jurisdiction over Petitioner's claim.

Petitioner then filed the 2241 petition presently before this

Court on October 30, 2012, challenging the sentence imposed. In his petition, Baca states that he is not challenging the validity of his conviction or sentence and that he has never before filed a Section 2255 petition that challenged his conviction or sentence. [Doc. #5, p.4] Clearly those assertions are false.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner seeks to collaterally attack his detention arguing sentencing error. Thus, Petitioner's claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court

3

decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner does not even admit that he ever filed a habeas petition challenging the 2006 conviction or sentence, although the court dockets for the District of New Mexico and the Eastern District of North Carolina proves otherwise. Thus, Petitioner has not shown that he meets the requirements of the savings clause. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the Savings Clause.

Before filing a second or successive Section 2241 petition, Baca must get approval from the appropriate Court of Appeals - the United States Tenth Circuit Court of Appeals. The instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### Conclusion

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider these claims.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15th day of January, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE